UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES TRANSPORTATION
HOLDING, LLC, d/b/a METRO CARS

      Plaintiff,

v.                                                                                                  Case Number 11-50655
                                                                                                    Honorable David M. Lawson
YELLOW CAB SERVICE CORPORATION
OF FLORIDA, INCORPORATED, CULLAN
MEATHE, METRO CAB, LLC, METRO
PRO LEASING, LLC, PALM BEACH
METRO TRANSPORTATION, LLC, METRO
TRANSIT, LLC, and JACKSONVILLE
METRO TRANSPORTATION, LLC,

      Defendants.
_____/

## ORDER DENYING MOTION TO QUASH AND CANCELING HEARING

Presently before the Court is the defendants' motion to quash subpoenas issued by the plaintiff in *Great Lakes Transportation Holding, LLC v. Yellow Cab Service Corporation of Florida, Inc.*, No. 10-80214, a trademark infringement and business tort matter presently pending before the Southern District of Florida. The Court scheduled a hearing on this motion for June 29, 2011. However, the Court has reviewed the motion papers and finds that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court also will cancel the hearing on this matter.

Federal Rule of Civil Procedure 45 allows a district court to quash a subpoena for documents or testimony. Rule 45 provides that "the issuing court must quash or modify a subpoena that":

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than
     100 miles from where that person resides, is employed, or regularly transacts
     business in person . . . ;

>(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). The Advisory Committee notes to this Rule indicate that the Rule was intended to track the language and substance of Federal Rule of Civil Procedure 26, governing discovery. *Cf.* Commentary C45-22 to Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv) (noting, *inter alia*, that "privilege" in section (iii) refers to those privileges "applicable under the rules of evidence and under the disclosure rules."). Under Federal Rule of Civil Procedure 26, a party challenging the production of discovery material on privilege grounds must "expressly make the claim; and . . . describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

"A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. Jul. 28, 2009); *see also* 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507. "That person cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena." 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507. The Advisory Committee Notes suggest that the definition of "undue burden" intentionally was left vague and open to fact-specific inquiries and the Court's discretion. Commentary C45-22 to Fed. R. Civ. P. 45(c)(3)(A)(iv). "However, the burden of demonstrating relevance is on the party seeking discovery." *Hansen Beverage Co. v. Innnovation Ventures, LLC*, No. 09-50630, 2009 WL 1543451, at *1 (E.D. Mich. Jun. 2, 2009)

(citing *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). "Relevancy is one of the factors used by courts in determining the existence of undue burden." *Id.* at *3. The Court must weigh "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

The movants also have sought a protective order as an alternate remedy. Federal Rule of Civil Procedure 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, Rule 26's "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991). Upon good cause shown, Federal Rule of Civil Procedure 26(c)(1) authorizes the district court in its discretion to enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 306 (6th Cir. 2007). The local rules require a movant seeking a protective order on privilege grounds to file a motion that "state[s] the claim that information, otherwise discoverable, is either privileged or subject to protection, and . . . without revealing privileged or protected information, describe the nature of the documents, communications, or things not produced or disclosed, to enable the court to assess application of the privilege or protection." E.D. Mich. LR 26.4(a)(1)(A)-(B).

The motion pending before the Court was filed by non-parties Alan Shanaman and Jean Meathe. The movants request an order quashing the subpoenas or, in the alternate, a protective order limiting examination and production. Mr. Shanaman serves as counsel for several defendants in this matter, as well as a board member of defendant PTG Enterprises, LLC in the underlying

matter and the trustee of the Jean Meathe Irrevocable Trust, an entity that funded part of the transaction at issue in the underlying case. He seeks to quash the subpoena requiring that he produce documents and attend a deposition on the grounds that the subpoena seeks material that is privileged under the attorney-client and work product privileges, is "burdensome and oppressive to a practicing attorney" because the plaintiff has other methods of obtaining this information, and the requested information exceeds the scope of Mr. Shanaman's "disclosed relevance." Mot. to Quash ¶¶ 4-6. Ms. Meathe is the mother of Cullan Meathe, a defendant in the underlying matter, and the beneficiary of the Jean Meathe Irrevocable Trust. She asserts that the subpoena requiring her deposition is irrelevant and unduly burdensome because she has significant health problems and the stress of a deposition would be detrimental to her health.

The plaintiff has argued that the information is relevant to the validity of the private sale transaction at issue in the underlying case, because evidence already produced in the case has disclosed that the Trust participated in financing the transaction, although the parties represented that it was financed entirely by another entity. The plaintiff explains that it seeks documents concerning the private sale from Mr. Shanaman in his capacity as a board member and trustee, not as an attorney, and that in this role he has information unavailable from other sources. The plaintiff also asserts that Ms. Meathe's testimony is relevant because she is the beneficiary of the entity that financed the transaction and as a result ultimately owns the defendant entities.

In the motion to quash, Mr. Shanaman merely asserts that compliance would infringe privilege and be burdensome without supporting this assertion with any facts or arguments. *See* 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507. Shanaman has not complied with the requirements of Federal Rule of Civil Procedure 26 or local rule 26.4 to seek protection for

privilege issues. He has not "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii); *see also* E.D. Mich. LR 26.4(a)(1). Therefore, it is impossible for the Court to evaluate whether the materials that would be produced pursuant to the subpoena would be subject to privilege protections. As an aside, the record reflects that Mr. Shanaman filed objections to the subpoena in the underlying case before the Southern District of Florida. However, none of the litigants have provided this Court with information as to the status of those objections. The Court will deny the motion to quash on privilege grounds because Shanaman has failed to carry his "burden of demonstrating that the discovery sought should not be permitted." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. Jul. 28, 2009); *see also* 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507. The Court also will deny the request for a protective order because the movant has failed to comply with the requirements of the Federal Rules of Civil Procedure and the local rules in a manner that would permit the Court to assess his claim.

Similarly, Shanaman and Meathe have failed to support their "mere assertions" that the subpoena would be unduly burdensome with facts or evidence. *See* 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507. Shanaman has failed to explain why requiring him to assemble the requested documents would present an undue burden, except to the extent that he suggests he has little time due to his chosen profession as an attorney. This conclusory statement is insufficient to demonstrate a burden that outweighs the likely relevance of this material. *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). In like fashion, Ms. Meathe has failed to elaborate on her "significant health problems" or to demonstrate how a deposition would interfere

with these general problems with evidence. Merely stating that a deposition would be "detrimental" to Ms. Meathe's health does not make it so, and the movants have provided the Court with no evidence on which to evaluate their contentions.

The movants have failed to provide the Court with facts or evidence to support their arguments that the subpoenas must be quashed. Therefore, they have failed to carry their "burden[s] of demonstrating that the discovery sought should not be permitted." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. Jul. 28, 2009); *see also* 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507.

Accordingly, it is **ORDERED** that the motion to quash the subpoenas or for a protective order [dkt #1] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for June 29, 2011 at 4:30 p.m. is **CANCELLED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 27, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL