UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES TRANSPORTATION
HOLDING, LLC, d/b/a METRO CARS

        Plaintiff,

v.                                                                                       Case Number 11-50655
                                                                                         Honorable David M. Lawson
YELLOW CAB SERVICE CORPORATION
OF FLORIDA, INCORPORATED, CULLAN
MEATHE, METRO CAB, LLC, METRO
PRO LEASING, LLC, PALM BEACH
METRO TRANSPORTATION, LLC, METRO
TRANSIT, LLC, and JACKSONVILLE
METRO TRANSPORTATION, LLC,

        Defendants.
_____/

**ORDER DENYING MOVANT JEAN MEATHE'S MOTION FOR RECONSIDERATION**

The matter was initiated by a motion to quash deposition subpoenas filed by non-parties Jean Meathe and Alan Shanaman. According to the plaintiff, a corresponding case is pending in the Southern District of Florida in which trial is imminent. The Court denied the motion to quash the subpoenas because the movants had failed to provide the Court with facts or evidence supporting their assertions that the depositions would be unduly burdensome. Presently before the Court is a motion filed by non-party Meathe for reconsideration of this order. Meathe also filed a motion seeking leave to file under seal medical letters in support of her motion for reconsideration, which the Court has granted. The Court also has ordered counsel for Meathe to serve these letters on the plaintiff forthwith.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that

correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In her motion for reconsideration, Meathe argues that she had anticipated presenting factual support for her motion at the hearing and was surprised when the Court cancelled this hearing and decided the motion on the papers. She also gratuitously points out that the Court cited the wrong provision, E.D. Mich. LR 7.1(e)(2) instead of subsection(f)(2), as authority for its ability to decide matters on the papers. She indicates that her initial motion to quash informed the Court that she would submit evidence supporting her position on an *ex parte* basis and for review *in camera*. Meathe attaches to her motion for reconsideration two letters from doctors, filed under seal, stating their beliefs that Meathe is unable to sit for a deposition due to certain health concerns.

The Court finds that Meathe has failed to demonstrate grounds for reconsideration of the Court's order denying the motion to quash. Although the Court's reference to the incorrect provision of the local rules may be considered erroneous, Meathe has failed to demonstrate how this typographic error misled Meathe's lawyer or the Court or would result in a different disposition if corrected. The Court clearly intended to, and did, proceed under the language of subsection (f)(2). This rule provides the Court with the discretion to direct that the matter be submitted on the papers. Meathe takes issue with the Court's exercise of its discretion without advance notice to counsel and without providing her an opportunity to submit evidence at a hearing. However, the motion to quash only requested an opportunity for oral argument on the legal issues; the movants did not request an

evidentiary hearing. Meathe argues that the Court should have interpreted her statement that "[e]vidence of her condition will be provided to this Court for inspection *in camera*" as an indication that she planned to provide the Court with additional evidence. Mot. to Quash ¶ 9. However, she never provided this Court with the purported evidence in the month between her motion filing and the date the Court decided the motion. The fact that Meathe planned to submit additional evidence to the Court, but never did, is not a palpable defect sufficient to justify reconsideration.

The Court also notes that the better practice requires movants to include materials supporting their position with their motion papers. As the Court pointed out in its order granting the plaintiff's motion for disclosure, Federal Rule of Civil Procedure 5 requires movants to serve their motion papers on all parties to the case, and materials submitted to the Court in support of an adversarial position that are not also served on the parties qualify as improper *ex parte* communications. Any attempt to provide the Court with evidence for *in camera* inspection would have been improper and does not present grounds for reconsideration.

With respect to the medical letters submitted with the motion for reconsideration, the Court also finds that this evidence does not constitute grounds warranting reconsideration. The letters, each of which contains only a single substantive paragraph, are conclusory in nature; they merely list the conditions ailing Meathe, many of which are not atypical for a woman of her age. The physicians conclude that the "stress involved of a deposition, could potentially exacerbate her medical problems," Movant's Ex. I, Letter from Dr. Hoban, and that due to a closed head injury suffered two years ago, her short-term memory deficit may affect her ability "to participate or tolerate a deposition," Movant's Ex. J, Letter from Dr. Porter. However, the letters provide the

Court with no facts supporting those conclusions, nor do the physicians explain how sitting for a deposition might imperil Ms. Meathe's health.

What the letters do provide are additional grounds for the plaintiff's reasonable need for the discovery. The plaintiff has alleged that Ms. Meathe's trust provided funding for a settlement in a federal court in Illinois on September 1, 2010 that impacts the ownership of the disputed trademarks in the pending Florida lawsuit. However, the doctors' letters assert that prior to that date, Ms. Meathe suffered a closed head injury that affected her cognition. The argument that Ms. Meathe has no knowledge of any relevant facts at issue in the underlying litigation is not a ground for preventing the deposition; the plaintiff is entitled to seek information from Ms. Meathe, and her lack of knowledge may suggest relevant conduct on the part of other actors in the case. That, in turn, may "lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Therefore, the Court will deny the motion for reconsideration on that ground as well.

Nonetheless, the Court is sympathetic to the strain a deposition may place on Meathe's constitution. The Court will amend its order denying the motion to quash to require that Ms. Meathe's deposition take place in her own home, if she desires, as an accommodation to her.

Accordingly, it is **ORDERED** that movant Jean Meathe's motion for reconsideration [dkt #15] is **DENIED**.

It is further **ORDERED** that the plaintiff must take the deposition of Jean Meathe at her residence, if Meathe requests that accommodation.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: July 8, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2011.

                                          s/Deborah R. Tofil
                                          DEBORAH R. TOFIL