UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES TRANSPORTATION
HOLDING, LLC, d/b/a METRO CARS

        Plaintiff,

v.                                                                                      Case Number 11-50655
                                                                                        Honorable David M. Lawson
YELLOW CAB SERVICE CORPORATION          Magistrate Judge Laurie J. Michelson
OF FLORIDA, INCORPORATED, CULLAN
MEATHE, METRO CAB, LLC, METRO
PRO LEASING, LLC, PALM BEACH
METRO TRANSPORTATION, LLC, METRO
TRANSIT, LLC, and JACKSONVILLE
METRO TRANSPORTATION, LLC,

        Defendants.
_____/

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE MICHELSON'S ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA *DUCES TECUM***

On June 28, 2011, the defendants filed a motion to compel compliance with a subpoena *duces tecum*, seeking to compel Rehmann Robson, a Michigan accounting firm, to produce valuation reports about the plaintiff and any documentation pertaining to the preparation of the report. This motion was referred to Magistrate Judge Laurie J. Michelson pursuant to 28 U.S.C. § 636(b)(1)(A) on July 1, 2011. On July 13, 2011 third-party defendant and privilege claimant Daniel Ret filed a response to this motion, asserting that the valuation reports requested by the defendants were created to aid Ret's attorney with Ret's estate planning. On July 15, 2011, Magistrate Judge Michelson held an expedited hearing on the issue and issued an order granting in part and denying in part the defendants' motion. The hearing was expedited because trial in the underlying case was imminent in the Southern District of Florida. The trial has been adjourned, however. The defendants filed

objections to this order on July 29, 2011, in which they argue that the magistrate judge erred in finding that the valuation reports requested by the defendants were protected by the attorney-client privilege, and thus that Rehmann Robson need not produce those reports. The defendants also argue that Judge Michelson's decision to issue an order on the motion without the opportunity for discovery or an evidentiary hearing constitutes sufficient error for this Court to overrule the magistrate judge's order. On August 8, 2011, third-party defendant and privilege claimant Daniel Ret filed a response to these objections.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with certain exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 permits parties a fourteen-day window after service of the order to object. Fed. R. Civ. P. 72(a). Upon receiving objections, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 574 (1985).

Judge Michelson denied the defendants' motion after a July 15, 2011 hearing. As defendants' counsel conceded during that hearing, if Ret retained Rehmann Robson for the purpose of aiding his attorney with personal estate planning, then attorney-client privilege would apply. *See United States v. Kovel*, 296 F.2d. 918 (2d Cir. 1961). Therefore, this Court need only determine whether the magistrate judge's view of the evidence in support of the contention that the valuation report was protected by privilege was implausible, and thus clearly erroneous. *Anderson*, 470 U.S. at 574. In support of his contention that the valuation was obtained for the purpose of legal advice, Ret provided two affidavits, one from Ret and one from his attorney, Michael Cumming, and the engagement letter from Rehmann Robson. The defendants countered this assertion by noting that Ret had signed the retainer agreement with Rehmann Robson as the CEO and Member of Great Lakes Transportation and Metro Cab and by introducing a statement from a vice president of one of the Rehmann companies stating that the company could not do investigative work for one of the defendants because Rehmann previously had rendered valuation services to Great Lakes Transportation Holdings and Sakwa Enterprises.

Judge Michelson found that Ret had met his burden of establishing that the attorney-client privilege covered the valuation report created by Rehmann Robson and that this privilege applies even if Ret, rather than his attorney, retained Rehmann Robson. Judge Michelson stated that the fact that the valuation was for one-third of the plaintiff corporation supported an inference that the valuation was done for Ret individually. Judge Michelson also noted that in the engagement letter, the term "companies" is defined as Great Lakes Transportation and Metro Cab, but that the letter repeatedly refers to "you," which Judge Michelson took to be a reference to Ret individually. Judge Michelson observed that the conflict e-mail cited by the defendants was an informal response that

did not directly address the question of who the valuation was performed for. Judge Michelson also considered the sworn affidavits of both Ret and Cumming, which stated that the purpose of the valuation report was to assist Ret's attorney in personal estate planning. Finally, Judge Michelson stated that there was no showing that the attorney-client privilege was waived through disclosure of the report to third parties. Judge Michelson then denied the defendants' motion with respect to the report as well as any work papers that Rehmann Robson may have prepared in connection with the report, but granted the defendants' motion with respect to any underlying documentation used to create the report.

Upon a review of the documentation submitted by the parties, the Court finds that Judge Michelson's determination that the valuation report and any work product prepared by Rehmann Robson in connection with the report were covered by the attorney-client privilege was not clearly erroneous. Judge Michelson relied on two affidavits asserting that the report was prepared for the purpose of legal advice, as well as other facts in the record. The defendants did not present any evidence squarely contradicting the assertions contained in the affidavits; nor did the defendants' objections raise arguments or facts not considered by the magistrate judge. The evidence and argument advanced by the defendants to rebut the assertion of privilege is insufficient to leave this Court with a "definite and firm conviction that a mistake has been committed." *United States Gypsum Co.*, 333 U.S. at 395.

The defendants also challenge the magistrate judge's decision to issue an order on the motion without the benefit of either discovery or an evidentiary hearing. The Court is not convinced that decision constitutes clear error sufficient to overrule the magistrate judge's order. Although the magistrate judge did have the power to order discovery or an evidentiary hearing on the defendants'

-4-

motion, she was not required to do so, and the defendants cite no authority binding on this Court for the proposition that she was so required. It was the defendants themselves who requested an expedited hearing on this issue, and the trial underlying the motion at that time was scheduled to begin on July 18, 2011, three days after the hearing expedited hearing. The magistrate judge, therefore, reasonably decided to issue her decision without the benefit of discovery or an evidentiary hearing. The Court also notes that at the time Judge Michelson issued her decision, a motion apparently was pending before Judge Zloch of the Southern District of Florida, in which the defendants argued that Ret had waived any privilege with respect to the Rehmann valuation. The Court is not convinced that the magistrate judge's decision to forego discovery or an evidentiary hearing was clearly erroneous or contrary to law.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt. #38] to the magistrate judge's order are **OVERRULED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 7, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL